T.C. Memo. 2015-148

UNITED STATES TAX COURT

NATHANIEL HAWTHORNE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1262-14L.                                   Filed August 10, 2015.

Nathaniel Hawthorne, pro se.

<u>Emly B. Berndt</u>, for respondent.

MEMORANDUM OPINION

GUY, <u>Special Trial Judge</u>:  The Internal Revenue Service Office of Appeals

(Appeals Office) issued to petitioner a notice of determination dated December 19,

2013, upholding the filing of a notice of a Federal tax lien in respect of his unpaid

Federal income tax for 2011.  Petitioner invoked the Court's jurisdiction by filing

[*2] a timely petition for review of the lien action pursuant to sections 6320 and 6330.[1] The sole issue for decision is whether the Appeals Office abused its discretion in upholding the lien action.

Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Ohio at the time the petition was filed.

On October 19, 2012, petitioner filed a Federal income tax return for 2011 reporting taxable income of $100,500 and tax due of $22,175. Petitioner did not remit payment of the tax due with the return. Respondent promptly assessed the tax that petitioner reported on the return and sent to petitioner a notice of the tax due and demand for payment. See secs. 6201, 6303.

On June 13, 2013, respondent issued a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing. Petitioner then timely submitted to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing. He did not dispute the amount of his underlying tax liability for 2011 or

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[*3] propose an alternative to the lien. Petitioner instead asserted that respondent had improperly levied upon his Social Security payments in the course of collecting tax that he owed for the taxable year 2002. Petitioner submitted a Form 433-A, Collection Information Statements for Wage Earners and Self-Employed Individuals, reporting that he owned assets in excess of $2 million.

The settlement officer assigned to petitioner's case subsequently informed him that the Appeals Office administrative hearing would be limited to a discussion of his unpaid tax for 2011 and that the levy action relating to his 2002 tax liability would not be considered. Petitioner participated in an administrative hearing by telephone on December 12, 2013. During the hearing he did not dispute his underlying tax liability or offer a collection alternative for 2011.

The Appeals Office issued to petitioner a notice of determination which stated in relevant part that all legal and procedural requirements were met in respect of the lien action and no information was offered that would justify withdrawal of the lien. The only issue that petitioner raised in his petition for review concerns the propriety of the levy action for 2002.[2]

_____

[2]The Court's jurisdiction in this case is limited to a review of the 2011 lien action. See sec. 6331(d)(1). To the extent that petitioner seeks to challenge the 2002 levy action, he must pursue that matter in a separate petition for review under sec. 6330 or possibly in a suit for a refund.

**[*4]**                                    <u>Discussion</u>

Section 6201(a)(1) provides in relevant part that the Secretary is authorized and required to assess all taxes determined by a taxpayer or the Secretary on tax returns made in accordance with the Code. The Secretary normally has 10 years from the date of assessment to collect tax that is due. Sec. 6502(a)(1).

If a person liable for a tax fails to pay it after a demand for payment is made, <u>see</u> sec. 6303, a lien arises in favor of the United States upon all property and rights to property belonging to that person for the unpaid amount, including interest, <u>see</u> sec. 6321. The lien imposed by section 6321 arises when the tax is assessed pursuant to section 6201 and continues until the underlying liability is satisfied or becomes unenforceable by reason of lapse of time. Sec. 6322. The lien imposed by section 6321 is not valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor, however, until the Secretary files a notice of the lien which meets the requirements of section 6323(f). <u>See</u> sec. 6323(a). Section 6320(a) provides that the Secretary shall notify the person described in section 6321 of the filing of a notice of lien under section 6323 and inform the person of his or her right to request an administrative hearing with the Appeals Office.

[*5]   If the taxpayer requests an administrative hearing in respect of a lien action, the hearing is to be conducted by the Appeals Office in accordance with the provisions of section 6330.  Sec. 6320(b)(1), (c).  In rendering an administrative determination in a collection review proceeding under section 6330, the Appeals Office must verify that the requirements of any applicable law and administrative procedure have been met in processing the taxpayer's case.  Sec. 6330(c)(1), (3)(A).  The Appeals Office also must consider any issues raised by the taxpayer relating to the collection action, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action.  Sec. 6330(c)(2)(A), (3)(B).  A taxpayer may challenge the existence or amount of his or her underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

Section 6330(d)(1) grants this Court jurisdiction to review the Appeals Office's administrative determination.  If the taxpayer's underlying tax liability is properly in dispute, the Court will review the determination de novo.  Goza v.

[*6] Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not at issue, as is the case here, we review the determination for abuse of discretion.  Id. at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000).  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The record shows that the Appeals Office verified that the requirements of all applicable laws and administrative procedures were followed in processing the lien in this case.  The issues that petitioner raised in his request for an administrative hearing and in his petition for review of the notice of determination are not relevant to a review of the lien action for 2011.  Petitioner proposed no collection alternative, nor did he challenge the existence or amount of his underlying liability for 2011.  In the light of the financial information that petitioner provided, the Appeals Office properly balanced the need for efficient collection of taxes with the legitimate concern that collection be no more intrusive than necessary.

Consistent with the preceding discussion, we hold that the Appeals Office's determination upholding the lien action was not an abuse of discretion.

**[*7]**   To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.